**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE ARNOLD MONTIEL,

Case No. 2:26-cv-13756
Hon. Brandy R. McMillion

Plaintiff,

v.

DEBRA J. MEADE,
ET AL,

Defendants.
__________________________________/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Jose Arnold Montiel ("Plaintiff") is a Michigan prisoner presently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. Montiel's pro se civil rights Complaint ("Complaint") filed under 42 U.S.C. § 1983 names four defendants: (1) Van Buren County stenographer Debra J. Meade; (2) Michigan Secretary of State Jocelyn Benson; (3) Van Buren County stenographer Melisa Grimes; and (4) Van Buren County stenographer Jennifer Jenel Kitzmiller (collectively, "Defendants"). ECF No. 1, PageID.1-2. The Complaint asserts that Defendants are liable to Plaintiff for altering the transcripts from his Van Buren Circuit Court criminal proceeding.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391, which provides in relevant part:

Venue in general. A civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated….

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. *See* 28 U.S.C.§ 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. *See* 28 U.S.C. § 1404(a). *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000).

In this case, the events giving rise to the Complaint allegedly occurred in Van Buren County. For venue purposes, each of the stenographer defendants reside in Van Buren County; and Defendant Benson as Secretary of State performs her official duties in the Western District as well. *See e.g., Brown v. Martino*, No. 24-cv-13092, 2025 U.S. Dist. LEXIS 90943, *1 (E.D. Mich. May 12, 2025) (citing *O'Neill*, 472 F.2d 789 at 791). Van Buren County is part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue to lie in this district

and the facts alleged in the Complaint suggest that venue would be proper in the Western District, the Court finds that transferring the case to that district would be more convenient for the parties and serve the interests of justice. 28 U.S.C. §§ 1404(a), 1406(a).

Accordingly, **IT IS HEREBY ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a) and 28 U.S.C. § 1404(a).

The Court notes that it has not decided whether Plaintiff is entitled to proceed in forma pauperis, nor has the Court reviewed Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2), 1915(A), or 42 U.S.C. § 1997e(c).

**IT IS SO ORDERED.**

Dated: October 9, 2026

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge